# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KERRY IRENE HOLYOAK,

      Plaintiff,

v.   Case No:   6:24-cv-1784-CEM-LHP

BRIDGECREST ACCEPTANCE
CORPORATION, BRIDGECREST
CREDIT COMPANY, LLC and
CARVANA, LLC,

      Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   CARVANA'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF CARVANA'S MOTION TO COMPEL ARBITRATION (Doc. No. 75)
>
> **FILED:**   June 4, 2025
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On December 3, 2024, Defendant Carvana, LLC ("Carvana") moved to compel arbitration of all claims brought by *pro se* Plaintiff Kerry Irene Holyoak

against Carvana. Doc. No. 42. On June 3, 2025, the undersigned issued a Report and Recommendation to the Presiding District Judge recommending that the motion be granted in its entirety. Doc. No. 74. The undersigned also recommended staying all further proceedings in this case pending the outcome of arbitration, including those related to other Defendants which have not sought to compel arbitration. *Id.* The Report and Recommendation remains pending as of the date of this Order.

Now before the Court is the above-styled motion filed by Carvana, which requests a stay of all discovery as to Carvana pending final resolution of the motion to compel arbitration. Doc. No. 75. Plaintiff has not responded to the motion, and the time to do so has expired. *See* Local Rule 3.01(c). Accordingly, the Court treats the motion as unopposed. *Id.*

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored. *See* Middle District Discovery (2021) § (I)(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dipositive motion. Such motions

for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden."). The moving party bears the burden of showing good cause to stay discovery. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); Middle District Discovery (2021) § (I)(E)(4). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652–53 (quotations omitted).

Here, the undersigned has already taken more than a "preliminary peek," the undersigned has analyzed Carvana's motion to compel arbitration in detail, along with Plaintiff's response, and the parties' reply and sur-reply, and has recommended that the motion be granted in full. Doc. No. 74. In other words, the undersigned has already recommended that Carvana's arguments in favor of arbitration are "clearly meritorious and truly case dispositive." Moreover, the undersigned has also recommended a stay of all further proceedings.

Accordingly, and in light of the lack of opposition by Plaintiff, the Court **GRANTS** Defendant Carvana, LLC's Motion. Doc. No. 75. All discovery as to

Carvana is hereby **STAYED** pending final resolution of Carvana's motion to compel arbitration (Doc. No. 42). *See McIntosh v. Hilton Grand Vacations, Inc.*, No. 6:25-cv-487-WWB-UAM, 2025 WL 1412431(M.D. Fla. May 15, 2025) (granting motion to stay discovery pending ruling on motion to compel arbitration).

**DONE** and **ORDERED** in Orlando, Florida on June 30, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties