**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KERRY IRENE HOLYOAK,

Plaintiff,

v. Case No.: 6:24-cv-01784-CEM-LHP

BRIDGECREST ACCEPTANCE CORPORATION, BRIDGECREST CREDIT COMPANY, LLC, AND CARVANA, LLC,

Defendants.

---

**ORDER**

This case is before the Court on *pro se* Plaintiff Kerry Irene Holyoak's Opposed Second Renewed Motion to Lift Stay and Reopen Proceedings, and for Leave to File Third Amended Complaint. Doc. No. 89. Remaining Defendant Bridgecrest Credit Company, LLC ("Bridgecrest") opposes. Doc. No. 90. *See also* Doc. Nos. 74, 81. Plaintiff has filed an authorized reply. Doc. No. 93. For the reasons that follow, the motion (Doc. No. 89) will be granted in part, such that the case will be reopened, and Plaintiff will be given leave to file an amended pleading. The motion will be denied to the extent that Plaintiff asks the Court to accept the proposed amended complaint (Doc. No. 89-1), as it is a shotgun pleading.

## I. BACKGROUND

This case involves the August 29, 2024 repossession of Plaintiff's 2016 GMC Sierra 2500HD Crew Cab (the "Vehicle"). Doc. No. 1-3. On September 5, 2024, Plaintiff filed a lawsuit in state court against Bridgecrest Acceptance Corporation ("BAC") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.211, *et seq.* ("FUDTPA"), along with state law claims for wrongful repossession and breach of contract. Doc. No. 1-3, at 2-3. BAC removed the case to this Court on October 3, 2024, pursuant to 28 U.S.C. §§ 1331 and 1446. Doc. No. 1.

On October 25, 2024, Plaintiff filed a second amended complaint, adding Bridgecrest and Carvana, LLC ("Carvana") as Defendants. Doc. No. 18. The amended complaint alleged that Plaintiff entered into a Retail Purchase Agreement ("RPA") with Carvana to purchase the Vehicle via financing, that Carvana thereafter improperly assigned the RPA to BAC and Bridgecrest, and that BAC and Bridgecrest wrongfully collected payments from Plaintiff and thereafter wrongfully repossessed the Vehicle. *Id.* ¶¶ 4, 10-18, 20-24. Plaintiff alleged claims against all three Defendants for violations of the FDCPA (Count I), breach of contract (Count II), wrongful repossession (Count III), and unconscionable contract and unjust enrichment (Count IV). Doc. No. 18, at 10-21. Plaintiff also alleged a claim for violations of FDUTPA against only Bridgecrest and BAC (Count V). *Id.* at 21-23.

Carvana moved to compel arbitration pursuant to a binding arbitration agreement that Plaintiff entered into in connection with the purchase of the Vehicle from Carvana. Doc. No. 42. And BAC and Bridgecrest moved to dismiss the amended complaint. Doc. No. 44. On July 16, 2025, Presiding District Judge Carlos E. Mendoza granted Carvana's motion to compel arbitration, and granted in part BAC's and Bridgecrest's motion to dismiss to the extent that the second amended complaint was stricken, but denied the motion without prejudice in all other respects. Doc. No. 81; *see also* Doc. No. 74. Judge Mendoza also stayed the case pending the outcome of arbitration, with instructions that Plaintiff file periodic status reports, and for the parties to file a joint notice within fourteen (14) days of completion of the arbitration, addressing the status of the litigation and identifying what further proceedings, if any, should continue in this Court. Doc. No. 81, at 4-5. The case was administratively closed that same day.

Plaintiff did not file the required status reports. Nor did the parties file their joint notice as required by Judge Mendoza. Instead, on April 24, 2026, Plaintiff filed a notice stating that a final arbitration award issued on April 20, 2026, which dismissed the arbitration with prejudice. Doc. No. 84. Plaintiff also filed her first motion to reopen the case, lift the stay, and for leave to file a third amended complaint (Doc. No. 83), which the Court denied without prejudice for failure to comply with Local Rule 3.01(g). Doc. No. 85. The Court denied without prejudice

Plaintiff's second motion seeking the same relief, for failure to comply with Local Rule 3.01(g)(3). Doc. Nos. 86-87.

This brings us to Plaintiff's second renewed motion, through which she seeks to reopen the case, lift the stay, and file a third amended complaint. Doc. No. 89. The attached proposed third amended complaint is brought against Bridgecrest alone, and asserts five (5) claims for violations of the FDCPA and FCRA (Counts I-II), for violations of UCC Article 9 for wrongful repossession (Count III), a common law claim for conversion (Count IV), and a claim for declaratory relief (Count V). Doc. No. 89-1. In its response, Bridgecrest does not address Plaintiff's requests to reopen the case or lift the stay, therefore those requests are deemed unopposed. Doc. No. 90; *see also* Local Rule 3.01(d). Rather, Bridgecrest only opposes Plaintiff's proposed amended pleading, arguing that any request to amend is untimely, and that amendment would be futile both because collateral estoppel would preclude Plaintiff's claims "in whole or in part," and because the proposed third amended complaint fails to state plausible claims for relief and is a shotgun pleading. Doc. No. 90.

## II. ANALYSIS

### *A. Timeliness*

The Court first addresses Bridgecrest's timeliness argument, which relies entirely on Judge Mendoza's Case Management and Scheduling Order ("CMSO"),

entered on December 5, 2024 prior to resolution of the motion to compel arbitration and motion to dismiss, which provided a deadline of February 14, 2025 to add parties and/or amend pleadings. Doc. No. 46. According to Bridgecrest, because Plaintiff did not seek leave to amend prior to the expiration of the February 14, 2025 deadline, her request is untimely and should be denied. Doc. No. 90, at 5-6. Bridgecrest further argues that to the extent Plaintiff relies on any "newly discovered evidence" such evidence could have been discovered sooner in the course of exercising reasonable diligence. *Id.*

Bridgecrest cites no legal authority for this position. Rightfully so, as while Bridgecrest correctly recites that the deadline to amend pleadings had expired, Bridgecrest's argument is otherwise conclusory, ignores key events in the history of this litigation, and is unpersuasive.

To begin, Bridgecrest presumes that the deadlines set forth in the CMSO – which have all been stayed since July 16, 2025 – remain in effect. Bridgecrest further ignores the fact that at the time the CMSO was entered, Carvana's motion to compel (Doc. No. 42) and BAC's and Bridgecrest's motion to dismiss (Doc. No. 44) were both pending. Those motions were not resolved until July 16, 2025, at which time Plaintiff's second amended complaint was stricken and the case stayed and administratively closed. Doc. No. 81. Until the case reopened, neither Plaintiff nor any other party could file any motions seeking affirmative relief. And unlike

Bridgecrest, Plaintiff at least attempted to comply with Judge Mendoza's directives by filing her first motion to reopen the case and amend her complaint a mere four (4) days after arbitration concluded. Doc. Nos. 82, 83. To say that Plaintiff unduly delayed the filing of the present motion is simply incorrect.[1]

Thus, to the extent the deadlines in the CMSO remain pending, the Court finds Plaintiff exercised both good cause and diligence in requesting leave to amend, and declines to deny Plaintiff's motion on timeliness grounds. *See Gallagher v. Sayin*, No. 6:17-cv-1335-Orl-41TBS, 2018 WL 7372079, at *2 (M.D. Fla. Feb. 22, 2018) ("When presented with a motion to amend the pleadings after the deadline in the scheduling order has passed, the Court must first determine whether the party seeking leave to amend has shown 'good cause' to modify the scheduling order. 'This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.'" (first citing Fed. R. Civ. P. 16(b), then quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998))).

[1] Bridgecrest's apparent desire to hold Plaintiff to deadlines set forth in a CMSO that has been stayed for fifteen (15) months while simultaneously not opposing reopening the case is ripe with pitfalls. For example, this would leave the parties without an operative pleading, creating an additional waste of attorney and judicial resources to resolve that conundrum, and would also leave the parties with an October 31, 2025 discovery deadline. *See* Doc. No. 46.

B. *Futility*

Once good cause is established, "a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith or undue delay on the part of the moving party; or (3) the amendment would be futile." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Overall, in deciding whether to grant leave to amend, the court maintains wide discretion '[even] after the filing of responsive pleadings, and in the face of an imminent adverse ruling.'" *Gatti as Tr. President of Twin Palms Inc v. Goodman*, No. 2:16-cv-728-FtM-29CM, 2017 WL 11527980, at *2 (M.D. Fla. Dec. 14, 2017) (alterations in original) (quoting *Quinn v. Deutsche Bank Nat'l Tr. Co.*, 625 F. App'x 937, 940 (11th Cir. 2015)).

As discussed above, the Court does not find Plaintiff has acted in bad faith or with undue delay in the filing of the present motion. And Bridgecrest does not argue that it will be prejudiced by amendment, nor does the Court find any such prejudice, given that this case was stayed in its relative infancy, and the only prejudice at this stage would be continued litigation. *See, e.g., Holmes v. Nat'l R.R. Passenger Corp.*, No. 1:20-cv-00131-LMM, 2021 WL 9624563, at *2 (N.D. Ga. Nov. 8, 2021) ("[T]here is no prejudice to a party in having to litigate a case: 'the inquiry is whether prejudice results from the delay, not from having to continue to litigate the

case.'" (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009))); *Kremer v. Lysich*, No. 3:19-cv-887-J-39JBT, 2020 WL 12813687, at *2 (M.D. Fla. Sept. 14, 2020), *objections overruled*, 2020 WL 13611565 (M.D. Fla. Dec. 16, 2020) (permitting *pro se* plaintiff leave to file a fourth amended complaint, finding the filing of motions to dismiss insufficient prejudice to deny leave to amend). *See also Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989), *rev'd on other grounds*, 499 U.S. 530 (1990) ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend.").

This leaves Bridgecrest's remaining argument – that amendment would be futile. "Amendment is futile if a claim is clearly without merit and there is no indication a more carefully drafted pleading might state a claim." *Johnson v. Byers*, No. 6:21-cv-1473-CEM-EJK, 2021 WL 11645789, at *2 (M.D. Fla. Oct. 12, 2021), *report and recommendation adopted*, No. 6:21-cv-1473-CEM-EJK, 2021 WL 11645801 (M.D. Fla. Nov. 1, 2021) (citing *Howard v. Memnon*, 572 F. App'x 692, 697 (11th Cir. 2014)). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).

As the party opposing amendment, Bridgecrest bears the burden of establishing that the proposed third amended complaint would be futile. *Boykin v.*

*Home Choice of Alabama, Inc.*, No. CV 18-0281-WS-MU, 2019 WL 2571249, at *2 (S.D. Ala. June 20, 2019). Bridgecrest contends that amendment would be futile because Plaintiff's proposed claims would be barred by collateral estoppel "in whole or in part." Doc. No. 90, at 6-9. While acknowledging that it was not a participant in the arbitration proceedings between Plaintiff and Carvana, Bridgecrest points to several findings of fact and conclusions of law made in the final arbitration award that Bridgecrest contends form the basis of Plaintiff's proposed amended pleading, and argues that Plaintiff cannot now relitigate those findings and conclusions. *Id.* *See also* Doc. No. 90-1.[2]

To be sure, courts have held that amendment would be futile where the claims would be barred by collateral estoppel. *See, e.g., Collier Cnty. v. Holiday CVS, L.L.C.*, 722 F. App'x 915, 919 (11th Cir. 2018).[3] However, Bridgecrest merely argues that the arbitration award would bar Plaintiff's claims "in whole or in part;" Bridgecrest does not conclusively establish, nor argue, that all of Plaintiff's

[2] As Bridgecrest notes, and Plaintiff does not dispute, mutuality of parties is not required for collateral estoppel to apply. *See* Doc. No. 90, at 7-8; *Brown v. Zabala*, No. 24-11443, 2025 WL 1392212, at *4 (11th Cir. May 14, 2025) ("[C]ollateral estoppel, unlike *res judicata*, is not limited to parties and their privies," so "[a] defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff." (citation omitted)).

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

proposed claims would be barred, without exception. Moreover, Plaintiff alleges that she uncovered new evidence during the arbitration process, which Bridgecrest does not contest (beyond the prior unsuccessful argument that such evidence was not timely discovered), and which Plaintiff represents forms the basis of at least some of her proposed claims. As such, the Court is not convinced that the entirety of Plaintiff's proposed third amended complaint is subject to dismissal on collateral estoppel grounds. *See., e.g., Boykin*, 2019 WL 2571249, at *3 (granting leave to file an amended answer where plaintiff failed to meet her burden of showing that the proposed amendment would necessarily fail, and leaving for another day determination of whether collateral estoppel defense would or would not prevail).[4]

Thus, unless it is clear that Plaintiff cannot proceed against Bridgecrest whatsoever, denial of leave to amend on the basis of collateral estoppel is inappropriate. *See Perez v. Pavex Corp.*, No. 8:01-cv-0069-T-27MSS, 2002 WL 31500404, at *3 (M.D. Fla. Oct. 18, 2002) ("Leave to amend should be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). Rather, the proper course is to permit amendment, and to allow Bridgecrest to raise collateral estoppel, along with any other arguments, by way of a renewed motion to dismiss. *See de Fernandez v. CMA CGM S.A.*, No. 21-cv-22778-

---

[4] Bridgecrest does not cite to any legal authority denying amendment of a complaint where collateral estoppel only barred "in part" the proposed amendment. *See* Doc. No. 90, at 6-9.

RAR, 2023 WL 5224249, at *2 (S.D. Fla. Aug. 14, 2023), *opinion clarified sub nom. Blanco De Fernandez v. CMA CGM S.A.*, No. 21-22778-CIV, 2025 WL 2256344 (S.D. Fla. July 2, 2025) ("[T]he Court is not persuaded that at this stage, Plaintiff's amendments would be futile because of collateral estoppel. Plaintiff claims she has discovered new information, and Defendants argue this information is not new. Defendants are not precluded from arguing collateral estoppel at a later date, but it is not an argument that precludes Plaintiff from filing a Second Amended Complaint at this time." (citations omitted)); *YellowPages Photos, Inc. v. Tata Consultancy Servs. Ltd., Inc.*, No. 8:17-cv-388-T-36TGW, 2017 WL 10294861, at *2 (M.D. Fla. Dec. 12, 2017) (granting leave to amend filed after deadline to amend had passed; finding no undue delay in seeking amendment, that amendment would not prejudice defendant as case was in its early stages, and that defendant was free to raise arguments involving *res judicata* and collateral estoppel by motion); *Samco Glob. Arms, Inc. v. Republic of Honduras*, No. 10-20196-CIV, 2011 WL 13220173, at *3 (S.D. Fla. Feb. 1, 2011) ("If Defendants contend that the Second Amended Complaint is barred by the doctrines of res judicata and collateral estoppel, Defendants may raise the issue in either a motion to dismiss and/or a motion for summary judgment. Defendants have not shown how they have been prejudiced by the proposed Second Amended Complaint.").

Bridgecrest's next argument in opposition to amendment boils down to pleading sufficiency contentions, which are also better resolved by way of a renewed motion to dismiss. *See, e.g.*, *Real Est. Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, No. 6:10-cv-1045-Orl-GJK, 2012 WL 12903886, at *2 (M.D. Fla. Feb. 16, 2012) ("[I]ssues of pleading sufficiency . . . are better dealt with in fully briefed motions to dismiss or motions for summary judgment."); *My Energy Monster, Inc. v. Gawrych*, No. 8:20-cv-2548-MSS-AEP, 2021 WL 2964065, at *2 (M.D. Fla. Mar. 25, 2021) (finding futility arguments better addressed in a renewed motion to dismiss); *see also S.-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, No. 3:18-cv-1305-J-32MCR, 2019 WL 5103321, at *1 (M.D. Fla. June 10, 2019) (deferring ruling on futility argument on motion to amend filed on last day for amending pleadings in CMSO, to be addressed by separate motions to dismiss).

Last, Bridgecrest argues that the proposed third amended complaint (Doc. No. 89-1) is a shotgun pleading. On this point, the Court agrees with Bridgecrest. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire

complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. And while courts "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys," *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018), courts "have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Here, the proposed amendment is the first type of shotgun pleading. Doc. No. 89-1. Each count of the pleading incorporates by reference all preceding paragraphs. *Id.* ¶¶ 32, 37, 45, 50, 53. This causes "each successive count to carry all that came before and the last count to be a combination of the entire complaint," which is impermissible. *See Weiland*, 792 F.3d at 1321; *see also, e.g., Shelor v. Tata Motors Grp.*, No. 3:23-cv-908-MMH-PDB, 2024 WL 5055258, at *1 (M.D. Fla. Jan. 4, 2024) ("The proposed amended complaint is a shotgun pleading because the first paragraph of each count incorporates all earlier paragraphs." (citations omitted)).

So, while Plaintiff will be permitted leave to amend, Plaintiff must correct this pleading deficiency in any amendment. *See, e.g.*, *Simpson v. Recksiedler*, No. 6:24-cv-1397-CEM-UAM, 2025 WL 959158, at *6-7 (M.D. Fla. Mar. 31, 2025) (granting leave to amend, but ordering plaintiff to correct shotgun pleading deficiencies prior to filing amendment); *Bright v. Argos Cement USA, LLC*, No. 8:22-cv-985-CEH-AAS, 2024 WL 6978281, at *4 (M.D. Fla. Aug. 5, 2024) (same); *Shelor*, 2024 WL 5055258, at *1 (same). To be clear, Plaintiff shall be given leave to file an amended pleading that is not a shotgun complaint, but Plaintiff shall not use this as an opportunity to include any additional claims, parties, or allegations not already listed in the proposed amendment (Doc. No. 89-1).

## III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Opposed Second Renewed Motion to Lift Stay and Reopen Proceedings, and for Leave to File Third Amended Complaint (Doc. No. 89) is **GRANTED in part**.

2. The Clerk of Court is **DIRECTED** to lift the stay entered on July 16, 2025 (Doc. No. 81) and to reopen the case.

3. Within **fourteen (14) days** of the date of this Order, Plaintiff shall file a third amended complaint, consistent with the directives of this Order.

4. Plaintiff's Motion (Doc. No. 89) is **DENIED in all other respects**.

5. Bridgecrest shall answer or otherwise respond to the third amended complaint within the time limits set forth in Federal Rule of Civil Procedure 15(a)(3).

6. Within **twenty-one (21) days** from the date of this Order, the parties shall conduct a case management conference and file an amended case management report, in accordance with Local Rule 3.02 and the Court's October 7, 2024 Order (Doc. No. 4).

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2026

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties